IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THEO SUMMERS BUFFALO BULLTAIL,<br><br>Defendant. | CR 22-86-BLG-SPW-1<br><br>ORDER |

Before the Court is Defendant Theo Summers Buffalo Bulltail's Motion to Dismiss Count 1 of the Indictment. (Doc. 76). Buffalo Bulltail argues that, pursuant to Fed. R. Crim. P. 12(b)(1), his indictment for being a prohibited person in possession of a firearm under 18 U.S.C. § 922(g)(1) must be dismissed because the statute unconstitutionally infringes on Buffalo Bulltail's rights under the Second Amendment of the U.S. Constitution, according to *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (Doc. 77 at 2-3). The Government responds that *Bruen* did not abrogate § 922(g)(1), and that binding Ninth Circuit precedent requires a finding of constitutionality. (Doc. 85 at 2). Further, even if *Bruen* overturned Ninth Circuit precedent, the Government argues that the Second Amendment's text and the nation's historical tradition indicate that § 922(g)(1) is constitutional. (*Id.*).

1

For the following reasons, the motion is denied.

## I. Background

Buffalo Bulltail is charged by indictment with two counts: violation of 18 U.S.C. § 922(g)(1) – Prohibited Person in Possession of a Firearm and Ammunition (Count 1), and violation of 26 U.S.C. § 5961(d) – Possession of an Unregistered Firearm (Count 2). (Doc. 1). Buffalo Bulltail only seeks dismissal of Count 1.

Rule 12(b)(1) of the Federal Rules of Criminal Procedure provides that a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits. A pretrial motion is proper when it involves questions of law rather than fact. *United States v. Shortt Acct. Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). The Court has determined that Buffalo Bulltail's motion is appropriate for pre-trial resolution because it solely involves a question of law.

## II. Analysis

In *Bruen*, the Supreme Court held that the Second Amendment protects an individual's right to carry a handgun for self-defense outside the home, and rejected the means-end scrutiny test that courts of appeals had been applying when assessing the constitutionality of firearms regulations. 142 S. Ct. at 2122, 2127. Instead, the Court held, a court must apply "[t]he test that we set forth in *Heller*"

2

and "assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id.* at 2131 (citing *District of Columbia v. Heller*, 554 U.S. 570 (2008)). The Government has the burden to demonstrate such consistency. *Id.* at 2126, 2133. The Government does not need to point to an identical statute but only a "representative historical analogue." *Id.* at 2133. Importantly, in a concurring opinion, Justice Kavanaugh, joined by the Chief Justice, agreed with the Court's opinion in full but "underscore[d]" that "the Second Amendment allows a 'variety' of gun regulations," and that nothing in the Court's opinion "'should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill[.]'" *Id.* at 2162 (quoting *Heller*, 554 U.S. at 626). *Accord McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill ....' *Heller*, 554 U.S. at 626-27. We repeat those assurances here.").

Buffalo Bulltail argues that, under *Bruen*, the Government cannot meet its burden of establishing that as of 1791, there was a tradition of prohibiting felons from possessing firearms and ammunition. (Doc. 77 at 7-9). Buffalo Bulltail contends that "the people" that the Second Amendment historically protected

3

includes "all Americans" and does not provide for categorical exclusions of felons. (*Id.* at 6-7).

The Government disagrees for three reasons: First, *Bruen* expressly held that the Second Amendment protects the right of "law-abiding, responsible citizens"—not all Americans—to carry a handgun for self-defense outside the home. (Doc. 85 at 4 (quoting *Bruen*, 142 S. Ct. at 2156)). Second, *Bruen* did not overrule Ninth Circuit precedent holding that § 922(g)(1) is constitutional because it is not clearly irreconcilable with *Bruen*. (*Id.* at 6-7 (citing *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2011), *cert. denied Vongxay v. United States*, 562 U.S. 921 (2010))). Third, even if *Bruen* overruled *Vongxay*, "representative historical analogues" to § 922(g)(1) existed at the founding, so such laws are rooted in the nation's historical traditions. (*Id.* at 9-12 (quoting *Bruen*, 142 S. Ct. at 2126, 2133)).

On reply, Buffalo Bulltail argues that *Vongxay* is clearly irreconcilable with the reasoning of *Bruen*, so the Court should reject it as binding precedent. (Doc. 86 at 5). Buffalo Bulltail notes that *Vongxay* relied on the holding in *United States v. Younger*, 398 F.3d 1179, 1192 (9th Cir. 2005) that felon dispossession statutes are constitutional, even though *Heller* abrogated *Younger*, only because *Vongxay*'s three-judge panel did not have authority to overrule a previous holding from a three-judge panel and so it was bound to *Younger*'s holding. (*Id.* at 5-6). Since *Heller*—and now *Bruen*—invalidated *Younger*, Buffalo Bulltail argues that

4

*Vongxay* is clearly irreconcilable with current Supreme Court law and thus is not binding on this Court. (*Id.* at 6).

This Court and two others in this district have concluded that *Bruen* did not effectively overrule *Vongxay* because *Vongxay* is not "clearly irreconcilable with the reasoning or theory of intervening higher authority," namely *Bruen*. *United States v. Butts*, CR 22-33-M-DWM, __ F. Supp. 3d __, 2022 WL 16553037, at *3-4 (D. Mont. Oct. 31, 2022); *United States v. Boyd*, CR-20-121-DLC-1, at 6 (D. Mont. Jan. 25, 2023); *United States v. Stennerson*, CR 22-139-BLG-SPW, 2023 WL 2214351, at *2 (D. Mont. Feb. 24, 2023). As explained by this Court in *Stennerson*, Judge Molloy in *Butts*, and Judge Christensen in *Boyd*, *Vongxay* did not apply the means-ends scrutiny rejected by *Bruen*. Rather, *Vongxay* applied *Heller*'s determination that § 922(g)(1) was constitutional because it was consistent with longstanding limitations on gun possession and because "the right to bear arms does not preclude laws disarming the unvirtuous citizens (i.e. criminals) ..." *Vongxay*, 594 F.3d at 1118 (citing Don B. Kates, Jr., *The Second Amendment: A Dialogue*, 49 Law & Contemp. Probs. 143, 146 (1986)). Since *Vongxay*'s holding relied only on good law from *Heller*, it is not clearly irreconcilable with *Bruen* and is controlling on this Court.

5

Buffalo Bulltail argues that *Butts* was incorrectly decided because *Heller* did not address specifically whether § 922(g)(1) was constitutional. (*Id.* at 6).[1] However, the fact that *Heller* did not specifically comment on the constitutionality of § 922(g)(1) here is immaterial because *Heller* and Kavanaugh's concurrence in *Bruen* specifically commented on the constitutionality of the statute's subject— the prohibition on felons possessing firearms. *Bruen*, 142 S. Ct. at 2162, 2157; *Heller*, 554 U.S. at 626, 636. Both said felon dispossession laws are valid, thus implying that *the* federal felon dispossession law, § 922(g)(1), must be valid. The plain reading of the cases suggests no other conclusion.

With respect to Buffalo Bulltail's argument that *Vongxay*'s reliance on *Younger*—which *Heller* abrogated—invalidates *Vongxay*'s holding, Buffalo Bulltail ignores that *Vongxay* repeatedly stated that *Heller* provides an independent basis for the court's conclusion that § 922(g)(1) is presumptively lawful. 594 F.3d at 1114-15. *Vongxay* also clarifies that *Heller* did not abrogate *Younger*'s conclusion that felon dispossession laws are "presumptively lawful." *Id.* at 1116. ("Although our legal inquiry ends with *Younger* [as precedent until overturned by an en banc panel], our holding is buttressed by the fact that *Younger* upheld the very type of gun possession restriction that the Supreme Court deemed

---

[1] Bulltail does not address *Stennerson* or *Boyd* despite the Government's discussion of them in its response brief. (Doc. 85 at 2, 8).

6

'presumptively lawful' in *Heller*.")). Rather, *Heller* only abrogated *Younger*'s reasoning that § 922(g)(1) is unlawful because the Second Amendment does not confer on individuals a right to bear arms. *Id.* Thus, the Court declines to depart from this Court's and this district's consistent finding that *Vongxay* is precedential and requires a finding that § 922(g)(1) is constitutional.

Buffalo Bulltail also argues that *Heller* and *Bruen* extend the right to bear arms to "all Americans," thus prohibiting the exclusion of subsets of citizens, in this case felons. (*Id.* at 2-3). However, Buffalo Bulltail's argument that *Heller* and *Bruen* require an expansive reading of "the people" who receive protection under the Second Amendment ignores the plain text of the cases. As *Butts* explains:

> In *Bruen*, the majority opinion states that its holding was "in keeping with *Heller*." 142 S. Ct. at 2126. Consistently, *Bruen* repeatedly uses the term "law-abiding citizen" in reference to an individual's Second Amendment rights. *See, e.g., id.* at 2122 (*Heller* and *McDonald* "recognized that the Second and Fourteenth Amendments protect the right of an ordinary, *law-abiding citizen* to possess a handgun in the home for self-defense"); *see id.* (concluding that right extends outside the home for "ordinary, *law-abiding citizens*"); *id.* at 2133 (instructing courts to consider "how and why the regulations burden a *law-abiding citizen's* right to armed self-defense"); *id.* at 2134 (describing petitioners are "two ordinary, *law-abiding*, adult citizens"); *id.* at 2138 (noting that there is no historical traditional [sic] "limiting public carry to those *law-abiding citizens* who demonstrate a special need for self-defense"); *id.* at 2150 (historical analogues advanced by New York fail because "none operated to prevent *law-abiding citizens* with ordinary self-defense needs from carrying arms in public for that purpose"); *id.* at 2156 (no historical record requiring "*law-abiding, responsible citizens*" to demonstrate a need to obtain a license to carry); *id.* (New York law violates the Second Amendment because it "prevents *law-abiding citizens* with ordinary self-defense needs from exercising their right to keep and bear arms"). The concurring opinions of both Justices Alito and Kavanaugh

further affirm that *Bruen* did not disturb what was said in *Heller* about the restrictions imposed on possessing firearms. *Id.* at 2162 (Kavanaugh, J., concurring); *id.* at 2157 (Alito, J., concurring).

2022 WL 16553037, at *3 (emphasis in original).

Nor is *Bruen*'s and *Heller*'s "law abiding citizen" language dicta. "The Ninth Circuit has specifically determined that *Heller*'s language regarding lawful long-standing gun restrictions on felons is not nonbinding dicta: 'Courts often limit the scope of their holdings, and such limitations are integral to those holdings.' The same holds true for *Bruen*'s use of the 'law-abiding citizen' proviso." *Id.* (quoting *Vongxay*, 594 F.3d at 1115).

Buffalo Bulltail attempts to narrow *Bruen*'s application to cases in which law-abiding citizens seek to possess guns, but his argument is unavailing. (*See* Doc. 86 at 3). Buffalo Bulltail cites to Justice Samuel Alito's concurrence to suggest that *Bruen* left open the question of the constitutionality of felon dispossession statues, quoting, "Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun." (*Id.* (quoting *Bruen*, 142 S. Ct. at 2157)). What Justice Alito writes after that, which Buffalo Bulltail omits, dismantles Buffalo Bulltail's argument: "Nor have we disturbed anything that we said in *Heller* or *McDonald* … about restrictions that may be imposed on the possession or carrying of guns." *Bruen*, 142 S. Ct. at 2157.

8

As the Court has stated, *Heller* and *McDonald* both held that felon dispossession statutes are presumptively lawful, and *Bruen* did not disturb those holdings.

Accordingly, the Court finds that § 922(g) is constitutional and denies Buffalo Bulltail's motion.

## III. Conclusion

IT IS HEREBY ORDERED that Defendant Theo Summers Buffalo Bulltail's motion (Doc. 76) is DENIED.

DATED this 12th day of June, 2023.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge