IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THEO SUMMERS BUFFALO BULLTAIL,<br><br>Defendant. | CR 22-86-BLG-SPW-1<br><br>ORDER |

Before the Court is Defendant Theo Summers Buffalo Bulltail's Motion in Limine. (Doc. 94). Bulltail asks the Court to exclude testimony or other evidence relating to (1) acts of violence by Bulltail against his co-defendant; (2) acts of violence against other individuals, including but not limited to Lupe Jocinta Perez, Victoria Bonko, Nichole Schwalbach, and Cleone Shawl; (3) his possession, use, or ownership of any firearm or ammunition other than the gun and ammunition found in the vehicle during the instant offense; (4) the alteration of the gun at issue in this case; and (5) his use of controlled substances during the commission of this offense or the days leading up to it. (*Id.*).

The Government does not plan to introduce evidence of the acts of violence committed by Bulltail against his co-defendant or other individuals, unless Bulltail opens the door to it during trial. (Doc. 102 at 2-3). The Government opposes the third, fourth, and fifth parts of Bulltail's motion. (*Id.* at 3-6).

1

For the following reasons, the Court reserves ruling on Motions 1 and 2, denies Motions 3 and 4 as direct evidence of the charges, and denies Motion 5 as moot given the superseding indictment.

## I. Legal Standard

A motion in limine is a procedural mechanism to limit in advance specific testimony or evidence. *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016). The Court only will grant a motion in limine if the contested evidence is inadmissible on all potential grounds. *Id.*

Rulings on motions in limine are provisional and "not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). Accordingly, the Court may readdress any of the parties' motions in limine as necessary at trial.

## II. Analysis

Bulltail's motion seeks exclusion of the following evidence:

- (1) acts of violence by Bulltail against his co-defendant, Alexis Walker;
- (2) acts of violence by Bulltail against other individuals, including but not limited to Lupe Jocinta Perez, Victoria Bonko, Nichole Schwalbach, and Cleone Shawl;
- (3) his possession, use, or ownership of any firearm or ammunition other than the gun and ammunition found in the vehicle during the instant offense (the Remington);
- (4) the alteration of the Remington; and
- (5) his use of controlled substances during the commission of this offense or the days leading up to it.

(Doc. 94).

Prior to Bulltail filing his motion, the Government had not filed a notice to use Rule 404(b) evidence. In response to the motion, the Government explained that it did not plan to introduce evidence of the acts of violence committed by Bulltail against his co-defendant or other individuals, unless Bulltail opens the door to it during trial. (Doc. 102 at 2-3). The Government opposes Motions 3, 4, and 5 as direct evidence of the charged conduct. (*Id.* at 3-6).

### A.  *Evidence of Acts of Violence Committed Against the Co-Defendant and Others*

Bulltail asks the Court to exclude evidence of acts of violence Bulltail committed against Walker and others because it is propensity evidence. (Doc. 94 at 2; Doc. 95 at 2-3). The Government explained that it did not plan to introduce evidence of the acts of violence committed by Bulltail, unless Bulltail opens the door to it during trial by, for example, challenging Walker's motivation to lie to law enforcement when she told them everything in the car belonged to her, not Bulltail. (Doc. 102 at 2-3). The Government asks the Court to defer ruling on the motion unless and until such a door is opened.

The Court defers ruling on Motions 1 and 2 since the Government does not plan to introduce such evidence unless Bulltail opens the door to its use. A pre-trial ruling on evidence that might not be introduced is premature.

3

### B.   Evidence of Possession of Firearms and Ammunition Other Than Those Found in Vehicle During the Offense

In Motion 3, Bulltail argues that evidence of his possession of any firearms and ammunition other than the Remington shotgun found in the vehicle during the instant offense should be excluded presumably because it is prejudicial, though he does not expressly state as much or explain why. (Doc. 95 at 3-4). The Government disagrees, arguing that it is direct evidence of Counts I and III. (Doc. 102 at 3-5). The Government explained that an empty 9mm shell casing was found in the vehicle, and that Walker is expected to testify that Bulltail shot out the window of the vehicle with a 9mm pistol shortly before Bulltail's arrest. (*Id.* at 3-4). She also is expected to testify that Bulltail threw the gun in the river while they were fleeing. (*Id.* at 4). Additionally, the pursuing officer is expected to testify he saw Bulltail throw something in the river as he fled police. (*Id.*).

The Court agrees with the Government and denies Motion 3. Neither the original nor the superseding indictment specify a particular firearm or ammunition for which Bulltail is being charged in Counts I and III. The ambiguity of the charges allows the Government to allege possession of multiple firearms and ammunition. Since the Government plans to put on evidence that Bulltail possessed the Remington, the 9mm pistol, and the 9mm ammunition, the evidence of such possession and the anticipated testimony from Walker and the officer is relevant and not prejudicial.

### C. *Evidence of Alteration of Remington*

Bulltail asks the Court in Motion 4 to prohibit the Government from introducing evidence of Bulltail's alteration of the Remington shotgun found in the vehicle during the instant offense, presumably because such evidence would be overly prejudicial, though Bulltail does not state as much or explain why. (Doc. 94 at 3; Doc. 95 at 3-4). The Government disagrees, asserting that such evidence—specifically Walker's testimony that Bulltail told her he had altered it, including cutting off the barrel—is necessary to prove Count II. (Doc. 102 at 4).

The Court denies Motion 4 because Count II prohibits possession of unregistered sawed-off shotguns and requires the Government to prove the gun was altered and not registered. Evidence of alterations is relevant and not prejudicial.

### D. *Evidence of Substance Use*

Bulltail lastly seeks the exclusion of evidence of his drug use, presumably because it is prejudicial, though Bulltail does not state as much or explain why. (Doc. 94 at 3; Doc. 95 at 3-4). The Government disagrees, arguing that Bulltail's drug use is necessary to prove Count III of the superseding indictment (Doc. 99), possession of a firearm by an unlawful drug user in violation of 18 U.S.C. § 922(g)(3). (Doc. 102 at 5).

The Court denies Motion 5 because evidence of Bulltail's drug use is an element of Count III of the superseding indictment, possession of a firearm by an unlawful drug user in violation of 18 U.S.C. § 922(g)(3). The Court denies the motion as moot because Bulltail filed his Motion in Limine before the superseding indictment was filed and Bulltail was charged Count III.

## III. Conclusion

IT IS HEREBY ORDERED that Defendant Theo Summers Buffalo Bulltail's Motion in Limine (Doc. 94) is denied as to Motions 3, 4, and 5. The Court defers ruling on Motions 1 and 2.

DATED the 22nd day of August, 2023.

_____
SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE