IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR-22-86-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| THEO BUFFALO BULLTAIL, | |
| Defendant. | |

Before the Court is Defendant Theo Buffalo Bulltail's Motion to Dismiss Count III of the Superseding Indictment. (Doc. 110). Bulltail argues that, pursuant to Fed. R. Crim. P. 12(b)(1), the charge for being an unlawful drug user in possession of a firearm under 18 U.S.C. § 922(g)(3) must be dismissed because the subsection of the statute unconstitutionally infringes on his rights under the Second Amendment of the U.S. Constitution given the U.S. Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (Doc. 111 at 3). He also contends that the statute is unconstitutionally vague. (*Id.*). The Government responds that unlawful drug users are not protected by the Second Amendment, which only extends to law-abiding citizens, that § 922(g)(3) comports with the nation's historical traditions of firearms regulations under *Bruen*, and that the statute is not unconstitutionally vague. (Doc. 25). For the following reasons, the motion is denied.

1

## I.  Background

Bulltail was charged in the original indictment on two counts: violation of 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm, and violation of 26 U.S.C. § 5861(d) for possessing an unregistered firearm. (Doc. 1). On August 18, 2022, Bulltail moved to dismiss Count I on the grounds that § 922(g)(1) was unconstitutional in light of *Bruen*. (Doc. 76). The Court denied his motion, concluding that the Ninth Circuit's holding in *United States v. Vongxay* that § 922(g)(1) was neither overruled by nor clearly irreconcilable with *Bruen*, and therefore the Court was bound to its holding. (Doc. 90).

The Government filed a superseding indictment on July 26, 2023, charging Bulltail with a violation of 18 U.S.C. § 922(g)(3), possession of a firearm by an unlawful drug user. (Doc. 99). The instant motion seeks dismissal of this count.

## II.  Legal Standard

Rule 12(b)(1) of the Federal Rules of Criminal Procedure provides that a party may raise by pretrial motion any defense, objection, or request that the Court can determine without a trial on the merits. A pretrial motion is proper when it involves questions of law rather than fact. *United States v. Shortt Acct. Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). The Court has determined Bulltail's motion is appropriate for pre-trial resolution because it solely involves a question of law.

## III. Analysis

In *Bruen*, the Supreme Court held that the Second Amendment protects an individual's right to carry a handgun for self-defense outside the home, and rejected the means-end scrutiny test that courts of appeals had been applying when assessing the constitutionality of firearms regulations. 142 S. Ct. at 2122, 2127. Instead, the Court held, a court must apply "[t]he test that we set forth in *Heller*" and "assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id.* at 2131 (citing *District of Columbia v. Heller*, 554 U.S. 570 (2008)). The Government has the burden to demonstrate such consistency. *Id.* at 2126, 2133. The Government does not need to point to an identical statute but only a "representative historical analogue." *Id.* Importantly, in a concurring opinion, Justice Kavanaugh, joined by the Chief Justice, agreed with the Court's opinion in full but "underscore[d]" that "the Second Amendment allows a 'variety' of gun regulations," and that nothing in the Court's opinion "'should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill[.]" *Id.* at 2162 (quoting *Heller*, 554 U.S. at 626, 636). *Accord McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of

3

firearms by felons and the mentally ill ....' *Heller*, 554 U.S. at 626-27. We repeat those assurances here.").

As Bulltail admits, this Court denied two other challenges to § 922(g)(3) under *Bruen* earlier this year. *United States v. Stennerson*, CR 22-139-BLG-SPW, 2023 WL 2214351 (D. Mont. Feb. 24, 2023); *United States v. Evenson*, No. CR 23-24-BLG-SPW, 2023 WL 3947828 (D. Mont. June 12, 2023). In *Stennerson*, the Court explained that courts in this district have determined that *Bruen* did not effectively overrule prior precedent regarding gun-ownership prohibitions on certain persons because Ninth Circuit caselaw applying *Heller*—*United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2011)—is not "clearly irreconcilable with the reasoning or theory of intervening higher authority," namely *Bruen*. *Id.* at *2 (discussing *United States v. Boyd*, CR 20-121-DLC-1, at *6 (D. Mont. Jan. 25, 2023); *United States v. Butts*, 637 F. Supp. 3d 1134, 1138 (D. Mont. 2022)). *Vongxay* did not apply the means-end scrutiny rejected by *Bruen*, which would render *Vongxay* clearly irreconcilable with *Bruen*. Rather, it applied *Heller* to conclude that the felon dispossession statute—§ 922(g)(1)—is constitutional because it is consistent with longstanding limitations on gun possession and because "the right to bear arms does not preclude laws disarming the unvirtuous citizens (i.e. criminals) ...." *Vongxay*, 594 F.3d at 1118 (citing Don B. Kates, Jr.,

*The Second Amendment: A Dialogue*, 49 Law & Contemp. Probs. 143, 146 (1986)).

As *Stennerson* explains, the Ninth Circuit, applying *Heller*, also concluded that habitual drug users in possession of firearms pose the same dangers as felons and the mentally ill, who were historically barred from possessing firearms. *United States v. Dugan*, 657 F.3d 998, 999-1000 (9th Cir. 2011). Thus, § 922(g)(3) still is constitutional under *Bruen*'s historical tradition analysis, rendering *Dugan* good law. Since the Court is bound by *Vongxay* and *Dugan*, the Court finds § 922(g)(3) is constitutional.

Bulltail asks the Court to reconsider *Stennerson* in light of intervening caselaw from other circuits finding that certain federal gun control laws, including § 922(g)(3), violate the Second Amendment rights of persons charged under those statutes. (Doc. 111 at 8 (citing *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *cert. granted*, 143 S. Ct. 2688 (2023) (striking down the prohibition on domestic violence abusers possessing guns, § 922(g)(8), under *Bruen*); *Range v. Attorney General United States of America*, 69 F.4th 96 (3d Cir. 2023) (en banc) (holding that § 922(g)(1)'s prohibition on felons in possession of firearms violated the defendant's the Second Amendment rights under *Bruen*); *United States v. Daniels*, 2023 U.S. App. LEXIS 20870, __ F.4th __ (5th Cir. 2023) (holding that § 922(g)(3) violated the defendant's Second Amendment rights under *Bruen*)).

However, as the Government notes, this Court is bound by the law of the Ninth Circuit, and, in the Ninth Circuit, § 922(g)(3)'s prohibition on unlawful drug users possessing firearms still is constitutional in light of *Bruen*.

Even if the Court were to consider the circuit cases cited by Bulltail, the Court finds they are not persuasive because their holdings were narrowly tailored to their facts. In *Daniels*, the court's decision relied on the fact that Daniels was not under the influence of any illicit substances when he was arrested and that the government had not presented any evidence of when he last used. 2023 U.S. App. LEXIS 20870, at *2-*3. Here, the Government intends to present physical and testimonial evidence that Bulltail was under the influence at the time of his arrest, as well as in the days before. *Range* explicitly declared that its "decision today is a narrow one," applying only to people like Range who are convicted of making a false statement to obtain food stamps in violation of Pennsylvania law. 69 F.4th at 106. Bulltail did not violate that Pennsylvania law. Notably, *Daniels* and *Range* were as-applied challenges, further limiting their persuasive value. Last, *Rahimi* distinguished between the basis for Rahimi's dispossession—the filing of a domestic violence restraining order entered in a civil proceeding—from the longstanding dispossession laws related to criminal conduct. 61 F.4th at 452. Bulltail's alleged use of illicit substances is a criminal, not civil, offense.

The Court acknowledges the conclusions in *Daniels*, *Range*, and *Rahimi* that *Heller* and *Bruen* did not limit the Second Amendment to law-abiding citizens. However, the Court disagrees with these interpretations, and since the Court is not bound to any of the decisions, it declines to follow them unless and until the Ninth Circuit or the Supreme Court determine that the "law-abiding citizen" language is mere dicta.

Thus, the Court affirms its conclusions in *Stennerson* and *Evenson* and finds that § 922(g)(3) does not violate Bulltail's Second Amendment rights.

## IV.   Conclusion

For these reasons, IT IS SO ORDERED that Defendant Theo Buffalo Bulltail's Motion to Dismiss Indictment (Doc. 110) is DENIED.

DATED this 24th day of August, 2023.

SUSAN P. WATTERS
U.S. DISTRICT COURT JUDGE